No. 24-30199

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

NEW ORLEANS CITY,

*Plaintiff-Appellant*,

v.

ASPECT ENERGY, L.L.C.; CHEVRON USA INCORPORATED; ENTERGY NEW ORLEANS, L.L.C.; EXXONMOBIL PIPELINE COMPANY; GULF SOUTH PIPELINE COMPANY, L.P.; SOUTHERN NATURAL GAS COMPANY, L.L.C.,

*Defendants-Appellees*.

On Appeal from the United States District Court for the Eastern District of Louisiana, No. 2:19-CV-8290 (Guidry, J.)

## BRIEF OF *AMICUS CURIAE* AMERICAN PETROLEUM INSTITUTE IN SUPPORT OF DEFENDANTS-APPELLEES' ANSWERING BRIEFS

W. Christopher Pooser
Idaho Bar No. 5525
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702
T: (208) 389-9000
christopher.pooser@stoel.com

Jason T. Morgan
Washington Bar No. 38346
Tiffany M. Wang
Washington Bar No. 57367
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
T: (206) 624-0900
jason.morgan@stoel.com
tiffany.wang@stoel.com

*Counsel for Amicus Curiae American Petroleum Institute*

124223811.5 0078439-00063

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of the case.  These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**A.    Plaintiff-Appellant**

New Orleans City

**B.    Attorneys for Plaintiff-Appellant**

Donesia D. Turner
        City of New Orleans

James M. Garner
Joshua S. Force
        Sher Garner Cahill Richter Klein & Hilbert, L.L.C.

Gladstone N. Jones, III
Lynn E. Swanson
Kevin E. Huddell
Michael P. Arata
John T. Arnold
Alayne Gobeille
Thomas F. Dixon
Rosa E. Acheson
        Jones Swanson Huddell LLC

Don A. Rouzan
Dana J. Henry
        Don A. Rouzan & Associates, LLC

- i -

J. Michael Veron
Turner D. Brumby
    Veron Bice, LLC

Ike Spears
    Spears & Spears

Royce I. Duplessis
    Duplessis Law Firm, LLC

## C.    Defendants-Appellees

1. Aspect Energy, L.L.C.
2. Chevron USA, Incorporated
3. Entergy New Orleans, L.L.C.
4. ExxonMobil Pipeline Company
5. Gulf South Pipeline Company, L.P. (formerly Gulf South Pipeline Company, LP)
6. Southern Natural Gas Company, L.L.C.

## D.    Attorneys for Defendants-Appellees

1. For Aspect Energy, L.L.C.

    Cheryl M. Kornick
        Liskow & Lewis

2. For Chevron USA Incorporated

    Paul D. Clement
    C. Harker Rhodes IV
    Joseph J. DeMott
        Clement & Murphy, PLLC

    Jennifer J. Clark
        Sidley Austin LLP

    Alexandra G. White
        Susman Godfrey LLP

124417293.1 0078439-00066

Charles S. McCowan III
Claire E. Juneau
   Kean Miller LLP

3.  For Entergy New Orleans, L.L.C.

Richard C. Stanley
Brandon Naquin
Matthew James Paul
   Stanley Reuter Thornton Alford, LLC

4.  For ExxonMobil Pipeline Company

Martin A. Stern
Jeffrey E. Richardson
   Adams & Reese, LLP

Kelly Brechtel Becker
Hunter Adams Chauvin
   Liskow & Lewis

5.  For Gulf South Pipeline Company, L.P. (formerly Gulf South Pipeline Company, LP)

Terrence K. Knister
Ewell E. Eagan, Jr.
James D. Rhorer
   Gordon, Arata, Montgomery, Barnett,
   McCollam, Duplantis & Eagan, LLC

6.  For Southern Natural Gas Company, L.L.C.

Richard Dean McConnell
   Kean Miller, LLP

**E.   Entities with a Financial Interest**

The following additional persons may have a financial interest in the outcome

of the litigation.

American Petroleum Institute.

- iii -

**F.** **Federal Rule of Appellate Procedure 26.1**

American Petroleum Institute discloses as follows:

American Petroleum Institute is a 501(c)(6) organization that has no parent corporation, and there is no publicly held corporation that owns 10% or more of American Petroleum Institute.

Dated: August 28, 2024

/s/ Jason T. Morgan
Jason T. Morgan

124417293.1 0078439-00066

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. VI

STATEMENT OF INTEREST OF *AMICUS CURIAE*.........................................1

I.    Summary of Argument .........................................................2

II.   Argument ..............................................................................4

    A.    The City Is a Citizen of Louisiana and Filed the Petition on Its Own Behalf..........................................................................4

        1.    The Plaintiff Is the Master of the Complaint and Names the Necessary Parties of the Case. .............................................5

        2.    Courts Uniformly Conclude That the City Is a Citizen of the State of Louisiana.................................................7

    B.    Amici Parishes' Arguments Are Inconsistent with the Law and Should Be Disregarded...................................................8

        1.    The State Is Not a Named Party and Is Therefore Irrelevant to the Diversity Analysis. .........................................9

        2.    Amici Parishes Rely on Unpersuasive District Court Dicta. ...........................................................................11

III.  Conclusion ..............................................................................15

CERTIFICATE OF SERVICE .........................................................16

CERTIFICATE OF COMPLIANCE .................................................17

124223811.5 0078439-00063

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. City of New Orleans*,
38 F.4th 472 (5th Cir. 2022) ...................................................................................8

*Louisiana ex rel. Caldwell v. Allstate Ins. Co.*,
536 F.3d 418 (5th Cir. 2008), *abrogated on other grounds by Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161
(2014) ...................................................................................................................6, 13

*Cavallini v. State Farm Mut. Auto Ins. Co.*,
44 F.3d 256 (5th Cir. 1995) ............................................................................3, 5, 9

*Clark v. Tarrant Cnty.*,
798 F.2d 736 (5th Cir. 1986) .................................................................................13

*In re Davis*,
194 F.3d 570 (5th Cir. 1999) .................................................................................10

*Delahoussaye v. City of New Iberia*,
937 F.2d 144 (5th Cir. 1991) .................................................................................12

*United States ex rel. Eisenstein v. City of New York*,
556 U.S. 928 (2009)................................................................................................10

*Guar. Tr. Co. of N.Y. v. York*,
326 U.S. 99 (1945)....................................................................................................1

*Hudson v. City of New Orleans*,
174 F.3d 677 .............................................................................................................13

*Louisiana ex rel. Ieyoub v. Classic Soft Trim, Inc.*,
95-804 (La. App. 5 Cir. 10/20/95)..........................................................................14

*Lincoln Prop. Co. v. Roche*,
546 U.S. 81 (2005)...................................................................................9, 10, 11, 12

124223811.5 0078439-00063

*Louisiana v. Am. Nat. Prop. Cas. Co.*,
746 F.3d 633 (5th Cir. 2014) ....................................................................4

*Louisiana v. Union Oil Co. of Cal.*,
458 F.3d 364 (5th Cir. 2006) ..................................................................14

*Minton v. St. Bernard Par. Sch. Bd.*,
803 F.2d 129 (5th Cir. 1986) ..................................................................12

*Moor v. Alameda Cnty.*,
411 U.S. 693 (1973)...............................................................3, 4, 7, 14

*Navarro Savings Ass'n v. Lee*,
446 U.S. 458 (1980)..............................................................................11

*Parish of Plaquemines v. Total Petrochemical & Refin. USA, Inc.*,
64 F. Supp. 3d 872 (E.D. La. 2014)...............................................passim

*Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urb. Dev.*,
980 F.2d 1043 (5th Cir. 1993) ...................................................................8

*Robert J. Caluda, APLC v. City of New Orleans*,
403 F. Supp. 3d 522 (E.D. La. 2019)......................................................4, 8

*State Highway Comm'n of Wyoming v. Utah Constr. Co.*,
278 U.S. 194 (1929)....................................................................................7

*Stone v. Arts Ctr. Enters. - New Orleans, LLC*,
No. CV 15-3638, 2015 WL 8207529 (E.D. La. Dec. 8, 2015) ...........................8

*Terrebonne Par. Fire Dist. No. 7 v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
652 F. Supp. 3d 690 (E.D. La. 2023).........................................7, 12, 13

*Tex. Cnty. & Dist. Ret. Sys. v. Wexford Spectrum Fund, L.P.*,
953 F. Supp. 2d 726 (W.D. Tex. 2013) .............................................13

*Valencia v. Allstate Texas Lloyd's*,
976 F.3d 593 (5th Cir. 2020) ................................................................3, 5

- vii -

124223811.5 0078439-00063

**Statutes**

28 U.S.C. § 1332(a) ................................................................................................7

28 U.S.C. § 1441 ....................................................................................................7

La. Stat. Ann. § 41:961 .........................................................................................14

La. Stat. Ann. § 49:214.36(D) ...............................................................................14

124223811.5 0078439-00063

## STATEMENT OF INTEREST OF *AMICUS CURIAE*[1]

Formed in 1919, the American Petroleum Institute ("API") is a national trade association that represents nearly 600 member companies supporting all segments of the oil and natural gas industry.  API and its members are committed to ensuring the industry remains strong, viable, and capable of meeting the energy needs of our nation in a safe and environmentally responsible manner.

This appeal involves the scope of diversity jurisdiction.  "Diversity jurisdiction is founded on assurance to non-resident litigants of courts free from susceptibility to potential local bias."  *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 111 (1945).  API's member companies engage in economic activity across the United States and its members are often involved in litigation matters occurring outside of their respective home states.  As a result, cases like this one involving diversity jurisdiction are important to API's members' interest in protecting their access to a federal forum.

On appeal, Plaintiff-Appellant New Orleans City ("the City") challenges the district court's conclusion that diversity is present.  The sole issue below, and on

---

[1] Pursuant to Fed. R. App. P. 29(a)(4) and (b)(4), *amicus curiae* certify that this brief has not been authored by counsel for a party to this litigation; nor has a party, a party's counsel, or a person other than *amicus curiae* contributed money to fund preparation and submission of this brief.  *Amicus curiae* further certify that it received the consent of all parties to the case.

- 1 -

appeal, is whether defendant Entergy New Orleans, L.L.C. ("Entergy"), a Louisiana citizen, was improperly joined. API agrees with Defendants-Appellees that dismissal of Entergy was proper, and that the district court's decision should be upheld.

API writes separately to specifically address a novel argument, raised for the first time on appeal by a number of Louisiana parishes as *amici curiae* ("Amici Parishes"). Although the City was the only plaintiff that filed the petition for damages and injunctive relief ("Petition") in this case and did not purport to represent any one but itself, the Amici Parishes nonetheless argue that the State of Louisiana ("State") is actually the real plaintiff in this case. They posit that because the (unnamed) State is the actual plaintiff in this case, diversity cannot exist.

API agrees with Defendants-Appellees that the Amici Parishes are wrong, and that the State's potential interest in the City's lawsuit is irrelevant for determining diversity jurisdiction. API's brief below highlights foundational legal principles regarding diversity jurisdiction that provides important context demonstrating that the district court's decision should be affirmed.

## I.   SUMMARY OF ARGUMENT

Citizenship is determined at the time of removal for purposes of diversity

jurisdiction. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 & n.16 (5th Cir. 1995). Specifically, citizenship is evaluated based on the complaint filed, and the plaintiff is the "master of [its] complaint." *Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593, 597 (5th Cir. 2020) (citation omitted).

It is well settled that a city is a citizen of its home state for diversity purposes, unless the city is acting as the arm or alter ego of the state. *Moor v. Alameda Cnty.*, 411 U.S. 693, 717–18 (1973). The City does not dispute that it is a citizen of Louisiana in this case.

Indeed, the City in this case expressly filed suit as a "political subdivision of the State of Louisiana established by the Home Rule Charter of the City of New Orleans." Petition, ¶ 10. The City chose not to include the State as a named party, and did not allege that it was acting on behalf of the State or as the arm or alter ego of the State. In addition to intentionally naming itself as the sole plaintiff in this lawsuit, it also named multiple oil and gas-related defendants, including Entergy, the only defendant who is a citizen of Louisiana. Without Entergy's participation in this case, the City does not dispute that there is complete diversity of citizenship and that the district court would retain subject-matter jurisdiction over the action.

Under these undisputed facts, the only issue before this Court is whether the district court correctly held that Entergy was improperly joined in this legal action

- 3 -

under the Louisiana State and Local Coastal Resources Management Act of 1978 ("SLCRMA"). The City never argued below that it initiated this case on behalf of the State, and any such argument now would contradict its own Petition. The Court should disregard the Amici Parishes' attempt to insert a novel legal theory for the first time on appeal, and affirm the decision below.

## II.   ARGUMENT

### A.   The City Is a Citizen of Louisiana and Filed the Petition on Its Own Behalf.

It is well settled that "jurisdictional facts are determined at the time of removal[.]" *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014). Here, the City identified itself in its Petition as a "political subdivision of the State of Louisiana" which is exercising "the authority of the Parish of Orleans … under [SLCRMA]" to assert claims for alleged damages to the City and the coastal zone of Orleans Parish ("Orleans Coastal Zone"). *See* Petition, ¶¶ 10, 16. At the time of removal, the City was, and it remains, the sole plaintiff asserting a legitimate claim in this lawsuit. There is no dispute that the City is "a citizen of Louisiana." *Robert J. Caluda, APLC v. City of New Orleans*, 403 F. Supp. 3d 522, 535 (E.D. La. 2019); *see also Moor*, 411 U.S. at 717.

- 4 -

### 1. The Plaintiff Is the Master of the Complaint and Names the Necessary Parties of the Case.

"As the 'master of his complaint,' … [plaintiff] was free to craft his lawsuit in a manner that avoids federal jurisdiction and to live with the consequences of that decision." *Valencia*, 976 F.3d at 597. "[I]t is equally well-known that citizenship for purposes of diversity jurisdiction is fixed as of when the action is filed." *Cavallini*, 44 F.3d at 264 n.16. Limiting the removal jurisdiction inquiry to the pleadings at the time of removal provides "certainty, avoidance of delay, and finality in resolving jurisdiction" and precludes a plaintiff from amending a complaint in a manner that allows for after-the-fact destruction of diversity jurisdiction. *See id.* at 264 & n.16. These basic principles of removal jurisdiction are necessary "so that the parties and the court can proceed with, and expeditiously conclude, the litigation." *See id.* at 264.

The City unambiguously alleges in its Petition that it is asserting claims on behalf of itself as authorized under SLCRMA to vindicate its own interest in protecting the Orleans Coastal Zone. *See, e.g.*, Petition, ¶¶ 9–10, 16 ("damages to the City and triggering the City's enforcement authority under SLCRMA"); *id.* at ¶ 29 ("The Defendants' discharges and failures to properly clean up and restore the coastal zone affected by those discharges have caused and are continuing to cause damage to the Orleans Coastal Zone, and the City therefore is entitled to enforce

- 5 -

124223811.5 0078439-00063

the SLCRMA against Defendants.").  The City even limits the relief it is seeking to violations that have occurred within the City boundaries and the Orleans Coastal Zone and seeks "the award of costs, expenses and reasonable attorneys' fees *in favor of the City*," thus reaffirming that it seeks damages on its own behalf here. *See* Petition at 17 (emphasis added); *Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 428 (5th Cir. 2008) ("Generally speaking, a party is a real party in interest when it is directly and personally concerned in the outcome of the litigation to the extent that his participation therein will insure a genuine adversary issue between the parties[.]" (internal quotation marks and citations omitted)), *abrogated on other grounds by Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161 (2014).

The City similarly has never disputed Entergy's characterization of the City in its notice of removal as a "citizen of Louisiana" that "does not claim to sue on behalf of the State of Louisiana or as an agent of the State."  Case No. 2:19-CV-8290-MVL-JVM, Dkt. 8 at 10 & n.7.  Further, the City's decision to name itself as the sole plaintiff in this case stands out even more within the landscape of 40 other coastal cases involving similar private defendants and parish plaintiffs who also filed suit on behalf of a state.  *See, e.g.*, *Parish of Plaquemines et al. v. Hilcorp Energy Company et al.*, Case No. 2:18-cv-5210, Dkt. 1, Doc. 1-8 (naming

- 6 -

Plaquemines Parish and State of Louisiana *ex rel.* Plaquemines Parish as plaintiffs

in petition for damages to Plaquemines Parish Coastal Zone).  Accordingly, as the

"master of the complaint," the City clearly limited the scope of its Petition to

claims it is bringing as a citizen of Louisiana, not on behalf of the State.

2.     **Courts Uniformly Conclude That the City Is a Citizen of the State of Louisiana.**

As discussed above, the City describes itself as a "political subdivision of

the State of Louisiana" and does not dispute that without Entergy's presence, there

is complete diversity of citizenship.  *See* Petition, ¶ 10; *see generally* Plaintiff-

Appellant's Br.  Pursuant to 28 U.S.C. § 1441, "a defendant may remove an action

from state court to federal court if the plaintiff could have originally brought the

action in federal court."  *Terrebonne Par. Fire Dist. No. 7 v. Nat'l Union Fire Ins.*

*Co. of Pittsburgh, PA*, 652 F. Supp. 3d 690, 694 (E.D. La. 2023).  District courts

may assert subject-matter jurisdiction over civil actions between "citizens of

different states" where the amount in controversy is over $75,000.  28 U.S.C.

§ 1332(a).

"[A] State is not a 'citizen' for purposes of the diversity jurisdiction."  *Moor*,

411 U.S. at 717.  "At the same time, however, [the Supreme] Court has recognized

that a political subdivision of a State, unless it is simply 'the arm or alter ego of the

State,' is a citizen of the State for diversity purposes."  *Id.* (quoting *State Highway*

- 7 -

*Comm'n of Wyoming v. Utah Constr. Co.*, 278 U.S. 194, 199 (1929)).

Important here, courts have consistently concluded that "[a]s a political subdivision, [New Orleans] City is a citizen of Louisiana." *Robert J. Caluda, APLC*, 403 F. Supp. 3d at 535; *see also Stone v. Arts Ctr. Enters. - New Orleans, LLC*, No. CV 15-3638, 2015 WL 8207529, at \*2 (E.D. La. Dec. 8, 2015). None of the named parties in this case disputes this conclusion.

The City as the master of its complaint has chosen to assert this lawsuit on its own behalf. The City concededly is a citizen of Louisiana. Diversity in this case thus (as the parties have argued) turns solely on the propriety of the joinder of Entergy.

## B. Amici Parishes' Arguments Are Inconsistent with the Law and Should Be Disregarded.

Amici Parishes concede that the City did not name the State as a party, a litigation decision that they deride as "inexplicable." Amici Parishes Br., at 3. The Amici Parishes nonetheless attempt to negate that litigation decision, by arguing that the State is the "real party in interest." The Court can simply disregard this new argument because it was not raised by any party. *Anderson v. City of New Orleans*, 38 F.4th 472, 481 (5th Cir. 2022) ("For obvious reasons, new issues, generally, cannot be raised in an amicus brief."); *Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urb. Dev.*, 980 F.2d 1043, 1049 (5th Cir.

- 8 -

1993) ("[A]n amicus curiae generally cannot expand the scope of an appeal to implicate issues that have not been presented by the parties to the appeal."). Regardless, the argument is fatally flawed for multiple reasons.

**1. The State Is Not a Named Party and Is Therefore Irrelevant to the Diversity Analysis.**

Amici Parishes' "real party" arguments ignore controlling case law holding that defendants are not expected to preemptively "negate the existence of a potential [party] whose presence in the action would destroy diversity." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). To require otherwise would leave all inquiries into diversity jurisdiction unfinished and unduly delay or frustrate litigation on the actual merits of the lawsuit. *See Cavallini*, 44 F.3d at 264 & n.16.

In *Lincoln Property*, the Supreme Court applied the settled principle that a plaintiff is wholly responsible for the consequences that flow from the petition it files. *See* 546 U.S. at 93–94. In that case, two individual plaintiffs identified themselves as citizens of Virginia and multiple diverse defendants, including a property management company, as citizens of other states in their complaints. *Id.* at 85–86. It was undisputed that the property management company had a legitimate and vital interest in the case. *Id.* at 92–93.

The plaintiffs in *Lincoln Property* sought to remand the case to state court on the grounds that the property management company was actually affiliated with a

- 9 -

partner with Virginia citizenship. *Id.* at 87. The Court rejected that argument, emphasizing that courts should not place themselves in plaintiffs' shoes as the "masters of their complaint" and "inquire whether some other person" might have an equitable interest in the claims at issue which may destroy diversity. *Id.* at 93–94 (collecting cases and legal treatise stating the same).

This holding applies with equal force here. Just like in *Lincoln Property*, the City could have asserted that it was bringing claims on behalf of the State and named the State as a party, as parishes have in approximately 40 other coastal cases. But it did not. The consequence of that litigation choice (inexplicable or not) is that complete diversity of the case turns solely on whether Entergy should be dismissed for improper joinder.

Amici Parishes claim that the State is a "real party in interest." Even assuming that is true, there is no dispute that the City is also a real party in interest. A "real party in interest" is a person or entity "entitled under the substantive law to enforce the right sued upon and who generally … benefits from the action's final outcome." *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 935 (2009) (quoting *Black's Law Dictionary* 1154 (8th ed. 2004)); *accord In re Davis*, 194 F.3d 570, 578 (5th Cir. 1999) ("[A]n entity is the real party in interest when it is statutorily authorized to bring suit to enforce a claim."). As the Supreme Court

- 10 -

explained in *Lincoln Property*, the "'real parties to the controversy' rule applicable in diversity cases" only comes into play when the complaint lists "nominal" parties—i.e., those with no real interest in dispute. 546 U.S. at 91 (quoting *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 462, n.9 (1980)). That is not the case here.

**2.     Amici Parishes Rely on Unpersuasive District Court Dicta.**

Amici Parishes' argument is built entirely on unpersuasive (and erroneous) dicta from a distinguishable district court decision in *Parish of Plaquemines v. Total Petrochemical & Refin. USA, Inc.*, 64 F. Supp. 3d 872 (E.D. La. 2014). In that case (unlike here), "[a]ccording to the Petition, the plaintiffs in th[at] action are 1) the Parish of Plaquemines, and 2) the State of Louisiana *ex rel.* Parish of Plaquemines." *Id.* at 887. In *Total*, defendants removed on diversity grounds, alleging egregious misjoinder of defendants. *Id.* at 880–81. The Parishes moved to remand, arguing that there was no misjoinder (and thus no diversity) and the State was a named party (also destroying diversity). *Id.* The district court found no egregious misjoinder, thereby "render[ing] moot the question whether the claims on behalf of the state destroy diversity jurisdiction." *Id.* at 887.

Despite the issue being "moot," the court went on to suggest that the Parish was acting as an "agent" of the State, and that the State would be a real party

- 11 -

"regardless of whether the State is actually a named party to the litigation." *Id.* at 892. This dicta is muddled analysis that confuses the "real party" and "agent" inquiries, getting both wrong in the process.

Whether an entity is a "real party" as explained in *Lincoln Property* is relevant for diversity purposes where there are "nominal" parties," as explained above. The decision in *Total Petrochemical*, like Amici Parishes, does not mention *Lincoln Property*.

On the other hand, the test for whether a municipal corporation is an "agent" of the state for diversity purposes is completely different. That inquiry requires consideration of the following factors:

(1) Whether the state statutes and case law characterize the agency as an arm of the state;

(2) The source of funds for the entity;

(3) The degree of local autonomy the entity enjoys;

(4) Whether the entity is concerned primarily with local, as opposed to statewide, problems;

(5) Whether the entity has authority to sue and be sued in its own name; and

(6) Whether the entity has the right to use and hold property.

*Terrebonne Parish Fire District*, 652 F. Supp. 3d at 696 (quoting *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991) (citing *Minton v. St. Bernard*

- 12 -

*Par. Sch. Bd.*, 803 F.2d 129, 131 (5th Cir. 1986), and *Clark v. Tarrant Cnty.*, 798 F.2d 736, 744 (5th Cir. 1986))).  These six factors are often referred to as the *Clark* factors and are applied on a sliding scale basis.  *Id.* at 696–97.

The purpose of weighing these six factors is to help courts determine "whether the suit is in reality a suit against the state itself" in the sense that the state is the real party in interest in the lawsuit.  *Id.* (quoting *Hudson v. City of New Orleans*, 174 F.3d 677, 682)); *Tex. Cnty. & Dist. Ret. Sys. v. Wexford Spectrum Fund, L.P.*, 953 F. Supp. 2d 726, 728 (W.D. Tex. 2013); *see also Louisiana ex rel. Caldwell*, 536 F.3d at 428 (analyzing whether the Louisiana Attorney General was a real party in interest or nominal party).  "Not all of the factors are given the same weight, and it is not required that each factor be met before an entity can be considered an alter ego of the state."  *Terrebonne Parish Fire District*, 652 F. Supp. 3d at 696.  "The analysis of whether a political body is a citizen for purposes of diversity jurisdiction is the same as the analysis used to determine if a political body enjoys 11th Amendment immunity based on it being an arm or alter ego of the state."  *Id.* (internal quotation marks, footnote and citation omitted).

The decision in *Total Petrochemical*, like Amici Parishes, says nothing about the *Clark* factors, and the City is plainly not an arm of the State under these factors.  *Total Petrochemical* cites to no relevant case law for the proposition that

- 13 -

the failure to expressly sue in the name of the State is immaterial when the statute expressly authorizes a municipal corporation to file suit. 64 F. Supp. 3d at 892. Instead, it relies on a circular argument that if there is statutory authorization to sue on behalf of the State, then the State must be a real party in interest. *Id.* at 892–93, 888 n.14. This logic is based on a faulty premise, as SLCRMA does not authorize suits on behalf of the State,[2] and ignores the long-standing principle that "a political subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity purposes." *Moor*, 411 U.S. at 717. Accordingly, this Court should give no weight to Amici Parishes' reliance on *Total Petrochemical*.

Ultimately, the City here made a choice to file this lawsuit on its own behalf,

---

[2] The SLCRMA authorizes "a local government with an approved program" to bring a lawsuit "to ensure that no uses are made of the coastal zone for which a coastal use permit has not been issued when required or which are not in accordance with the terms and conditions of a coastal use permit." La. Stat. Ann. § 49:214.36(D). It says nothing about filing suits on behalf of the state. When Louisiana intends to authorize suits on its behalf, it does so expressly. *See Louisiana v. Union Oil Co. of Cal.*, 458 F.3d 364, 367 (5th Cir. 2006) (plaintiff had authority to file suit on behalf of the State pursuant to La. Stat. Ann. § 41:961, which provides that "[t]he school boards of the various parishes of the state may contract with and employ *on the part of the State of Louisiana*, attorneys at law, *to recover for the state*, damages for trespass" (emphasis added)); *Louisiana ex rel. Ieyoub v. Classic Soft Trim, Inc.*, 95-804 (La. App. 5 Cir. 10/20/95); 663 So. 2d 835, 836 (identifying statutes authorizing the Louisiana Attorney General to bring a *parens patriae* antitrust action).

- 14 -

and unlike *Total Petrochemical*, elected not to assert that it was suing on behalf of the State.  As a result, the State is not a party to this case, and Amici Parishes' arguments about litigation strategies that could have been pursued do not defeat diversity jurisdiction.

## III.    CONCLUSION

For those reasons, API respectfully asks that the decision below be affirmed.

Dated: August 28, 2024.

Respectfully submitted,

/s/ *Jason T. Morgan*

Jason T. Morgan
Washington Bar No. 38346
Tiffany Wang
Washington Bar No. 57367
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
T: (206) 624-0900
jason.morgan@stoel.com
tiffany.wang@stoel.com

W. Christopher Pooser
Idaho Bar No. 5525
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702
T (208) 389-9000
christopher.pooser@stoel.com

*Counsel for Amicus Curiae American Petroleum Institute*

- 15 -

124223811.5 0078439-00063

# CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2024, an electronic copy of the foregoing

**BRIEF OF *AMICUS CURIAE* AMERICAN PETROLEUM INSTITUTE IN**

**SUPPORT OF DEFENDANTS-APPELLEES' ANSWERING BRIEFS** was

filed with the Clerk of Court for the United States Court of Appeals for the Fifth

Circuit using the appellate CM/ECF system, and that service on all parties will be

accomplished by the appellate CM/ECF system.

*/s/ Jason T. Morgan*
Jason T. Morgan
Washington Bar No. 38346
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
T: (206) 624-0900
jason.morgan@stoel.com

- 16 -

124223811.5 0078439-00063

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this brief:

(i)      complies with the type-volume limit of <u>Fed. R. App. P. 29(a)(4)</u> because, excluding the parts of the document exempted by <u>Fed. R. App. P. 32(f)</u> and Fifth Circuit Rule 32.2, this document contains 3,258 words; and

(ii)      complies with <u>Fed. R. App. P. 29(a)(4)</u>, the typeface requirements of <u>Fed. R. App. P. 32(a)(5)</u>, and the type-style requirements of <u>Fed. R. App. P. 32(a)(6)</u> because the document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: August 28, 2024.

*/s/ Jason T. Morgan*
Jason T. Morgan

124223811.5 0078439-00063